UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JACKIE N. ROBINSON, *Pro Se*, ) | Case No.: 1: 18 CV 2166 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| BUREAU OF SENTENCING ) | |
| COMPUTATION: CHIEF MELISSA ) | |
| ADAMS, ) | |
| ) | |
| ) | <u>MEMORANDUM OF OPINION</u> |
| Defendant ) | <u>AND ORDER</u> |

*Pro Se* Plaintiff Jackie N. Robinson has filed a civil rights Complaint in this action pursuant to 42 U.S.C. § 1983 against Ohio Bureau of Sentencing Computation Chief Melissa Adams. (ECF No. 1.) He contends the Defendant violated his constitutional rights because he "has put [her] on notice" that the sentences imposed on him in two Ohio criminal cases in the 1970s are "erroneous for failure to impose Jail-time Credit." (*Id*. at 2.) He seeks $50 in compensatory and punitive damages and injunctive relief.

Federal district courts are required, under 28 U.S.C. § 1915A, to review any complaint filed in a civil action in which a prisoner seeks redress from an officer or employee of a governmental entity, and to dismiss before service such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who

is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010).

The Plaintiff's Complaint must be dismissed under § 1915A.

As Judge Lioi has already ruled in a prior § 1983 case the Plaintiff brought against other Defendants challenging his criminal sentences, the Plaintiff's allegations in this case fail to support a cognizable § 1983 claim. *See e.g.*, *Robinson v. Alison Breaux, et al*., No. 5: 18 CV 1098 (N.D. Ohio Sept. 24, 2018). As Judge Lioi held, the Plaintiff has not asserted a cognizable claim because he has not demonstrated that the criminal sentences he challenges have been invalidated or called into question in any of the ways articulated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that in order for a plaintiff to pursue a claim under § 1983 "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must first prove that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus. Id. at 486-87.* The Plaintiff has not done so.

Further, if the deprivation of jail-time credit the Plaintiff alleges would necessarily result in his "immediate release from physical custody" or "in shortening the length of [his] actual confinement in prison," his sole federal remedy is *habeas corpus* regardless of the relief he seeks. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).

## Conclusion

Accordingly, the Plaintiff's Complaint fails to state a claim on which relief may be granted under § 1983 and is summarily dismissed in accordance with 28 U.S.C. § 1915A. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                         */s/SOLOMON OLIVER, JR.*
                                         UNITED STATES DISTRICT JUDGE

January 23, 2019